[No. 1635.]

Newton Buntain v. The State.

Theft—Evidence.—See the opinion in this case, and the statement of the case in *Buntain* v. *The State, ante*, page 485, for evidence *held* insufficient to sustain a conviction for theft.

Appeal from the District Court of Tarrant. Tried below before the Hon. A. J. Hood.

The appellant in this case was convicted of the theft of a watch chain of the value of seventy dollars, the property of one Ramsay. The punishment assessed against him was a term of three years in the penitentiary.

The opinion recites the substance of the evidence. The same evidence is reported in detail in the case of *Buntain* v. *The State, ante*, page 485, which involves, under another indictment, the same transaction.

*B. G. Johnson*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

Willson, Judge. All the questions presented by the record in this case necessary to be noticed have been discussed and determined in the companion case of *Buntain* v. *The State*, charge of burglary, this day decided by us, and we refer to the opinion in that case for a solution of them, except the single one of the sufficiency of the evidence to support the conviction, which we allude to but do not discuss in the opinion in that case. We shall therefore in this case consider the single question: Is the verdict supported by the evidence? Without reciting the evidence in detail, we will mention only the material portions of it bearing upon the question before us.

Bunk Ramsay's watch and chain were stolen from him while he was asleep in a railroad car at Fort Worth, in the night time. There was a partition in the car, dividing it into two rooms, and in this partition were a door and a window. Ramsay, on that night, went to bed in one of the rooms of this car about eleven

o'clock, and closed and fastened the door and window leading into his room. Before doing this, and soon after he had entered the car, defendant, who, together with two other men, was in the other room of the car, came to the door of witness's room and inquired of witness the time of night, and witness pulled out his watch, ascertained the time, and informed defendant. Defendant then laid down in the room where the other two men were asleep, and witness went to bed and slept until six o'clock next morning. When witness awoke he found himself lying on the floor near the door, and the door was open, blowing to and fro, knocking him on the head. Both the door and the window had evidently been broken open, and everything in the room had been turned upside down, and the witness's watch and chain were gone from the room. Defendant had left the car, but the other two men were there, and were asleep when witness went into their room. Witness suspicioned defendant of the theft, and on the same morning went to the house of Jennie McKinney, a prostitute, where he knew defendant was in the habit of staying, and there he found the defendant and Jennie McKinney, the former being in bed and the latter sitting up. Witness asked defendant about the watch and chain. Defendant seemed surprised that witness had lost the same, and denied knowing anything about them. Several weeks afterwards witness found his watch in the possession of one Mack Gregory, and recovered it. Shortly after witness found his watch he had defendant arrested, charged with the theft of the watch and chain, and defendant was confined in jail. Witness then went into the jail and told defendant that he, witness, had found his watch, and that if he, defendant, would tell witness where the chain was, he would not appear as a witness against him upon the trial; whereupon defendant stated, "the watch chain is hid in the mattress, down at Jennie McKinney's house." Upon searching the mattress the chain was not found therein, but Jennie McKinney produced it, taking it from a hole in the wall of the house, where it had been secreted by some one.

We have stated substantially all the criminative facts in the case. The two men who staid in the same car on that night were not produced as witnesses, nor was their absence accounted for. Mack Gregory, who was found in possession of the stolen watch, was not produced as a witness, nor was his absence accounted for. Neither the watch nor the chain were ever seen in possession of the defendant. He had the opportunity to com-

mit the burglary and the theft, because he was present at the place and on the night when it was committed. But the other two men in the car had the very same opportunity that he had. He was absent from the car the next morning, but did not flee the country, and was readily found. He knew where the chain was some weeks after it had been stolen, but his knowledge of where it was, while it is a strong circumstance tending to connect him with the theft, is by no means sufficient to warrant his conviction even in connection with the other facts proven. He might very well have known where the chain was; that Jennie McKinney had it, and still have been wholly innocent of the theft of it.

While we may be convinced of the guilt of the defendant, we cannot act upon such conviction unless it is founded upon evidence which, under the rules of law, is deemed sufficient to exclude every reasonable hypothesis except the one of the defendant's guilt. We must look alone to the evidence as we find it in the record, and applying to it the measure of the law, ascertain whether or not it fills that measure. It will not do to sustain convictions based upon suspicions or inadequate testimony. It would be a dangerous precedent to do so, and would render precarious the protection which the law seeks to throw around the lives and liberties of the citizen.

This defendant may be, and most probably is, guilty, as found by the jury, but in our opinion the evidence tending to establish that guilt does not fill the measure of the law. Besides, it appears from the evidence that it was within the power of the State to produce satisfactory and perhaps conclusive evidence of the defendant's guilt. Where was Mack Gregory, in whose possession the watch was found soon after it was stolen ? Why was he not produced as a witness ? He certainly could have told how he came by the watch; from whom he received it, and by this testimony the watch might have been traced back into the possession of the defendant. It is possible, also, that the two men who were in the room with the defendant on the night of the theft might have given important testimony.

We cannot sanction the conviction upon the evidence presented to us, and because we think the verdict is unsupported by the evidence the judgment is reversed and the cause remanded.

*Reversed and remanded.*